IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
11 FEB 24 PM 12: 50
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:11CR34 |
| ) | |
| vs. ) | INDICTMENT |
| ) | |
| CALVIN JACOBS, ) | 18 U.S.C. §1343 |
| ) | 18 U.S.C. §2 |
| Defendant ) | |

The Grand Jury Charges:

### COUNTS I thru VI

**A.   INTRODUCTION**

At all times material herein:

1.   Vital Signs Unlimited, Inc. (VS) is a sign manufacturing business that has a business location in Omaha, Nebraska. VS is a Corporation which operates in, and its activities affect, interstate commerce.

2.   CTKA Corporation (CTKA) is a business entity incorporated in the State of Nebraska in August, 1988. CALVIN JACOBS is listed as the President of CTKA. CALVIN JACOBS opened a bank account for CTKA with U.S. Bank in May, 2006.

3.   The Defendant, CALVIN JACOBS, was hired in November, 2005, as Chief Financial Officer for VS. His duties included the preparation and reconciliation of the accounting books and records of VS. CALVIN JACOBS' duties also included paying the accounts payable for VS through check writing or through on-line bank transactions.

**B.     THE COUNTS - (COUNTS I thru VI)**

From on or about July, 2006, and continuing through on or about February, 2009, in the District of Nebraska and elsewhere, CALVIN JACOBS, did devise and intend to devise a scheme and artifice to defraud VS, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice to defraud is more fully described as follows:

    A)    CALVIN JACOBS would issue, and cause to be issued, checks drawn on the business checking account of VS made payable to CTKA, a corporation created by CALVIN JACOBS, and would deposit money into CTKA's checking account. The issuance of the checks would be for purposes unrelated to the business of VS. Said funds would be used by CALVIN JACOBS to pay for his own personal expenses and to make purchases of goods and services for his own personal use.

    B)    CALVIN JACOBS would further cause the wire transfer of funds out of the VS business checking account. The wire transfers of funds would be for purposes unrelated to the business of VS. Said funds would be used by CALVIN JACOBS to pay for his own personal expenses and to make purchases of goods and services for his own personal use.

    C)    It was a part of the scheme and artifice to defraud that CALVIN JACOBS would make false entries into the books and records of VS for the purpose of

hiding the improper disbursement of funds and furthering the ongoing scheme to defraud VS. CALVIN JACOBS would cause entries to be made to VS' business checking account which purported to show that funds removed by him had been disbursed to pay suppliers and for materials necessary to complete work for various customers of VS.

D) It was a further part of the scheme and artifice to defraud VS that interstate wire communication facilities would be used. CALVIN JACOBS would cause the wire transfer of funds out of the business checking account of VS maintained at a financial institution in Omaha, Nebraska, and into his own personal credit card account located at a different financial institution in Palatine, Illinois.

E) It was a further part of the scheme and artifice to defraud VS that CALVIN JACOBS would make, and cause to be made, materially false entries in the books and records of VS to conceal the transfers. Among the materially false and fraudulent pretenses, representations and promises were the following:

    1. CALVIN JACOBS would create an accounting entry to reflect a purported legitimate business transaction and post it to a legitimate VS business expense account. However, in truth and in fact, the accounting transaction concealed the transfer of funds from VS' business checking account to CALVIN

JACOBS' personal credit card account.

2. CALVIN JACOBS also would create an accounting entry to reflect a purported legitimate business transaction and post it to a fictitious VS business vendor account. The fictitious account was created by CALVIN JACOBS to conceal the transfer of funds from VS' business checking account to CALVIN JACOBS' personal credit card account.

F) In total, approximately $1,401,768.57 was obtained by CALVIN JACOBS through the execution of the above-described scheme and artifice to defraud VS.

2. On or about the following dates, CALVIN JACOBS, for the purpose of executing the above-described scheme and artifice to defraud VS, and in attempting to do so, did knowingly and wilfully cause to be transmitted in interstate commerce, by means of wire communication, the following writings, signs, signals and sounds, each of said wire communications constituting a separate count:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1. | On or about July 25, 2006 | Wire transfer of $10,292.03 sent from account number XXXXXX953 at TierOne Bank to account number XXXXXXXXXXXX1274 at Chase Bank |
| 2. | On or about September 14, 2007 | Wire transfer of $25,000.00 sent from account number XXXXXX953 at TierOne Bank to account number XXXXXXXXXXXX1274 at Chase Bank |

4

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 3. | On or about April 2, 2008 | Wire transfer of $25,000.00 sent from account number XXXXXX953 at TierOne Bank to account number XXXXXXXXXXXX1274 at Chase Bank |
| 4. | On or about May 29, 2008 | Wire transfer of $25,000.00 sent from account number XXXXXX953 at TierOne Bank to account number XXXXXXXXXXXX1274 at Chase Bank |
| 5. | On or about August 27, 2008 | Wire transfer of $30,026.65 sent from account number XXXXXX953 at TierOne Bank to account number XXXXXXXXXXXX1274 at Chase Bank |
| 6. | On or about February 3, 2009 | Wire transfer of $20,000.00 sent from account number XXXXXX953 at TierOne Bank to account number XXXXXXXXXXXX1274 at Chase Bank |

In violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL:

FOREPERSON

DEBORAH R. GILG
United States Attorney

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
11 FEB 24 PM 12:50
OFFICE OF THE CLERK

The United States of America requests that trial of this case be held at Omaha, Nebraska, pursuant to the rules of this Court.

SANDRA L. DENTON
Assistant U.S. Attorney