IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:11CR34 |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | and |
| | ) | |
| CALVIN JACOBS, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| Defendant. | ) | |

This matter is before the court on the defendant Calvin Jacobs' (Jacobs) Motion For Deposition Or In The Alternative To Declare Nebraska Criminal Rule 15.1 Unconstitutional (Filing No. 14) and Motion to Extend Time to File a Request for Pretrial Subpoenas (Filing No. 29). Jacobs is charged in the Indictment with devising a scheme and artifice to defraud using interstate wire communications (Counts 1 - 6) in violation of 18 U.S.C. § 1343. **See** Filing No. 1 - Indictment.  Jacobs moves to take the deposition, duces tecum, of Rob True, or in the alternative, to declare Nebraska Criminal Rule 15.1 unconstitutional.

An evidentiary hearing was held on Jacobs' motion on May 24, 2011. Jacobs was present for the hearing with his counsel, Steven J. Lefler. The United States was represented by Assistant U.S. Attorney Sandra L. Denton. During the hearing, the court received a receipt for certified mail (Exhibit 102) reflecting Jacobs' service of a notice upon the U.S. Attorney and Attorney General of Jacobs' constitutional challenge. **See also** Filing No. 16.  A transcript (TR.) of the hearing was filed on May 30, 2011 (Filing No. 27). During the hearing, the court denied the part of Jacobs' motion requesting a deposition (TR. 12). The parties were given until June 10, 2011, in which to file supplemental briefs on Jacobs' constitutional challenge (TR. 11).  The government filed a supplemental brief on June 9, 2011 (Filing No. 28), and Jacobs filed a supplemental brief on June 10, 2011 (Filing No. 30), whereupon the motion was deemed submitted.

FINDINGS OF FACT

Jacobs is charged in the Indictment with six counts of wire fraud in a scheme and artifice to defraud Vital Signs Unlimited, Inc. (VS), from July 2006 through February 2009. **See** Filing No. 1 - Indictment.  The government alleges Jacobs, as VS's Chief Financial

Officer, diverted VS's funds to his own use by means of false entries in VS's books and records and issuing unauthorized checks and wire transfers payable to himself or others. The Indictment alleges Jacobs obtained approximately $1,401,768.57 of VS's funds by means of this wire fraud scheme. The six counts of the Indictment relate to six specific wire transfers on six different dates sent in the execution of the alleged scheme. Jacobs argues he and Mr. True were partners in the VS venture and that partnership fell apart, resulting in a civil suit by Mr. True against Jacobs in the District Court of Sarpy County, Nebraska. Jacobs asserts Mr. True removed Jacobs from the business premises and precluded Jacobs' access to the business records.

Jacobs seeks to take Mr. True's deposition and receive production of documents in sixty separately numbered categories including corporate tax returns and "[a]ll diaries, notes, memoranda, or other documents concerning any of the issues involved in this law suit." **See** Ex. 101.[1] During the hearing on this matter, the court denied Jacobs' deposition, duces tecum, request. Subsequently, Jacobs moved to extend, by one month, the deadline to request pretrial discovery, including subpoenas. **See** Filing No. 29. Specifically, Jacobs states most of the issues revolving around the requested production have been resolved between the parties, however, additional time is needed to determine whether outstanding discovery remains necessary. *Id.*

Jacobs argues the proceedings in federal court are unfair because his client is not able to take a discovery deposition of a material witness, Mr. True. **See** Filing No. 30 - Supplemental Brief. Originally, Jacobs argued Nebraska Criminal Rule 15.1 "is unconstitutional as applied . . . under both Equal Protection and Due Process analysis." **See** Filing No. 16 - Notice of Constitutional Question. Jacobs acknowledges he has found no law to support his position, but contends the court should compare the facts of this case to other cases where the "Supreme Court found it appropriate to establish new Constitutional standards, such as in Brady, Gigilio, Halloway v Arkansas, Miranda v Arizona, Napue v Illinois and Rovario v United States." **See** Filing No. 30 - Supplemental Brief p. 1. Specifically, Jacobs asserts he has relatively less time and fewer financial resources than

---

[1] The exhibit was attached to the defendant's Motion to Allow Subpoena for Document Production (Filing No. 12).

2

the government for defending himself against serious charges.  *Id.*  Moreover, Jacobs argues state courts routinely allow depositions in cases such as this, even though the penalties may not be as severe.  *Id.*

## LEGAL ANALYSIS

"[D]epositions in criminal cases are governed by Rule 15(a) and . . . the Rule's principal objective is the preservation of evidence for use at trial.  It is not to provide a method of pretrial discovery."  *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977).  Federal Rule of Criminal Procedure 15(a) provides:  "In General.  A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15.  "To establish exceptional circumstances under Rule 15(a), the moving party must show the witness's unavailability and the materiality of the witness's testimony."  *United States v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007) (internal quotations omitted).  Similar to the federal rule, the Criminal Rules of the United States Court for the District of Nebraska state:  "Except upon order, depositions to secure testimony or obtain documents or things before trial are not allowed in a criminal case. . . ."  NECrimR 15.1.

The federal rules are presumptively valid.  **See** *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6, (1987); *In re Baycol Prods. Litig.*, 616 F.3d 778, 787 (8th Cir. 2010).  Accordingly, this court is bound to apply a federal rule, where applicable, unless such rule contravened the Rules Enabling Act or the Constitution.  **See** *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996); **see also** *Mistretta v. United States*, 488 U.S. 361, 391 (1989) (noting "the rules of procedure bind judges and courts in the proper management of the cases before them"); *Hanna v. Plumer*, 380 U.S. 460, 470-71 (1965).  The Rules Enabling Act provides:

> (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.
> (b) Such rules shall not abridge, enlarge or modify any substantive right.  All laws in conflict with such rules

> shall be of no further force or effect after such rules
> have taken effect.

28 U.S.C. § 2072.

This court cannot by its rules deprive the defendant of his substantive rights protected by the United States Constitution and federal statutes. Rule 15 governs the practice, procedure, and manner in which parties in a criminal matter may conduct depositions, rather than creating any substantive right. Rule 15 does not abridge or modify a substantive right by expanding discovery, nor does it provide a method for pretrial discovery. See *Adcock*, 558 F.2d at 406. The 1944 adoption of Rule 15 was designed to continue a previous statutory limitation on depositions in criminal cases under the court's considered discretion. See Fed. R. Crim. P. 15 advisory committee's note (1944) (**citing** former 28 U.S.C. § 644). Similarly, the procedural rule "contemplated that in criminal cases depositions would be used only in exceptional situations, as has been the practice heretofore." *Id.* Moreover, "the taking of depositions is to be restricted to cases in which they are necessary 'in order to prevent a failure of justice.'" *Id.* Given the applicable history, enacting Rule 15 neither exceeded the congressional mandate embodied in the Rules Enabling Act nor transgressed constitutional bounds. Rule 15 is therefore the standard against which the court should measure the adequacy of discovery. Further, Rule 15 does not prevent the defendant from preparing for trial or presenting evidence on his behalf at trial. As stated above, the local rule, NECrimR 15.1, does not limit or alter the scope of Rule 15. Rule 15 does not conflict with another rule or law applicable in this case.

Jacobs argues depositions in state court criminal cases are more readily available than in federal court. "A criminal defendant is not entitled, as a matter of right, to a deposition pursuant to [Nebraska] statute." *Nebraska v. Vela*, 777 N.W.2d 266, 291 (Neb. 2010) (**citing** Neb. Rev. Stat. § 29-1917). However, in Nebraska state court a "defendant may request the court to allow the taking of a deposition of any person . . . who may be a witness in the trial of the offense." Neb. Rev. Stat. § 29-1917(1).

> The court may order the taking of the deposition when it finds
> the testimony of the witness:
>    (a)   May be material or relevant to the issue to
>          be determined at the trial of the offense;
>          or

>   (b)   May be of assistance to the parties in the preparation of their respective cases.

Neb. Rev. Stat. § 29-1917(1).

As in federal court, a state-court "party seeking the deposition must make a factual showing to the court that the deponent's testimony alternatively satisfies the statutory conditions." *Vela*, 777 N.W.2d at 291 (internal quotations omitted). Assuming, the Nebraska statute allows depositions in criminal cases in more broad circumstances than in federal court, Jacobs fails to make a sufficient factual showing to support a court-ordered deposition in light of the amount of available documentary discovery and Jacobs' own participation with VS and in trial preparation.

The federal rules regarding depositions do not prohibit depositions in criminal cases. Depositions are not allowed as a general discovery right, but are allowed if "demonstratedly proper" under Rule 15 and as a "necessary trial auxiliary." *United States v. Williams*, 502 F.2d 581, 584 (8th Cir. 1974) (noting failure to show prejudice under the circumstances entitled the defendant's contention to be held to be legally frivolous). However, the burden is on the party seeking a deposition to show exceptional circumstances and the interest of justice support taking the deposition. A movant's failure to show exceptional circumstances requiring depositions does not render the rule unconstitutional. In fact, "[d]iscovery matters are committed to the sound discretion of the trial court." *Adcock*, 558 F.2d at 406. In this case, Jacobs has access to a vast amount of documents, including Mr. True's statements made to law enforcement, produced by the government for inspection and copying. Jacobs petitions this court for more time to review the vast production to determine potential additional needs. Additionally, Jacobs is involved in a civil case where he is afforded broader pre-trial discovery than that allowed in a criminal matter. Jacobs' arguments that he may not obtain such discovery in a sufficiently timely matter is, without more, premature. For these reasons, Jacobs fails to show Mr. True's deposition, despite his availability for trial, would be taken in the interest of justice in this case.

At this time and under the circumstances, Jacobs has not and cannot establish a violation of his right to offer testimony on his own behalf at trial. **See** *United States v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007) (holding trial court permissibly denied the defendant's motion to adjourn trial to take unavailable witness's deposition where testimony

would be cumulative evidence). Further, Jacobs fails to show Mr. True's testimony may be favorable to his defense, assuming it would be material. Furthermore, given the amount of document discovery at Jacobs' disposal, he has not established a need for the deposition, particularly where he was allegedly a partner in the business venture. Accordingly,

**IT IS ORDERED:**

1. Jacobs' motion for deposition (Filing No. 14) is denied.

2. Jacobs' Motion to Extend Time to File a Request for Pretrial Subpoenas (Filing No. 29) is granted. Jacobs shall have until **on or before July 11, 2011**, to file any request for pretrial subpoenas.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Jacobs' motion to declare Nebraska Criminal Rule 15.1 unconstitutional (Filing No. 14) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation and Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation and Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 30th day of June, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.