# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:11CR-34-JFB-TDT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CALVIN JACOBS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the oral motion of Kathryn J. Derr to exclude certain documents Ms. Derr was ordered to provide pursuant to the trial subpoena issued by Defendant and as ordered on March 27, 2012, as attorney-client privileged and/or as attorney work product subject to privilege. Kathryn J. Derr appeared for herself; appearing for Plaintiff were Douglas R. Semisch and Michael P. Norris; appearing for Defendant was Steven J. Lefler.

Upon review of the magistrate's order of March 27, 2012, the Defendant's trial subpoena, and after an in-camera review of the documents produced by Ms. Derr, the Court finds as follows:

1. Documents produced consisting of correspondence from Ms. Derr as attorney for A VitalSigns Unlimited, Inc. to Defendant Calvin Jacobs may be subject to the attorney-client privilege but are relevant to the proceedings. For purposes of this criminal trial, all such documents are to be provided to the Plaintiff and Defendant.

2. Documents produced consisting of emails between Ms. Derr, as attorney for A VitalSigns Unlimited, Inc., and Defendant Calvin Jacobs may be subject to the attorney-client privilege but are relevant to the proceedings. For purposes of this criminal trial, all such documents are to be provided to the Plaintiff and Defendant.

3. Documents consisting of notes/memoranda in Ms. Derr's possession and involving meetings at which Defendant Calvin Jacobs was present are subject to the attorney-client privilege; however, some are relevant to the proceedings. For purposes of this criminal trial, the documents identified by the Court are to be provided to the Plaintiff and Defendant.

4. Documents consisting of notes/memoranda in Ms. Derr's possession that consist of Ms. Derr's mental impressions, legal theories or strategies involving the claims of A VitalSigns Unlimited, Inc. against Defendant Calvin Jacobs are subject to the attorney-client privilege. For purposes of this criminal trial, these documents are not to be provided to either Plaintiff or Defendant and Defendant's trial subpoena to Ms. Derr is quashed as to these documents.

The Court orders that:

1. All documents produced by Kathryn J. Derr under Defendant's trial subpoena, the Court's order of March 27, 2012, and provided to Plaintiff and Defendant shall retain their status as attorney-client privileged documents for the limited purposes of this proceeding.

2. If either Plaintiff or Defendant desires to offer into evidence any of the documents produced by Kathryn J. Derr, they may do so only through witnesses Kathryn J. Derr, Robert True, Jr. or Defendant Calvin Jacobs. If either Plaintiff or Defendant desires to discuss the information contained in any document produced by Kathryn J. Derr and admitted into evidence, they may do so only through Kathryn J. Derr, Robert True, Jr., or Defendant Calvin Jacobs.

3. The documents provided to Plaintiff and Defendant by Kathryn J. Derr shall be used for purposes of this criminal trial only, and for no other purpose. Neither Plaintiff nor Defendant, nor their respective counsel, are to make or retain any copies of the documents provided. All documents provided to Plaintiff and Defendant by Kathryn J. Derr, excepting those documents received into evidence in this case, are to be returned to the Clerk of the Court no later than two (2) business days after submission of the case to the jury. Upon return to the Court, the documents shall be destroyed.

4. It is specifically ordered that none of the documents provided by Ms. Derr as provided herein may be used or referred to in any manner with regard to the civil case pending in the Sarpy County District Court, *A VitalSigns Unlimited, Inc. v. Calvin Jacobs et al*, case no. CI09-2087, unless ordered otherwise by the presiding judge in the civil case.

5. Should any document produced by Ms. Derr be admitted into evidence in this criminal case, the jury shall be given an instruction that such documents are subject

to the attorney-client privilege; that the jury is to consider such documents only for purposes of their deliberations in this case; and that the jury is not to discuss or disclose information contained in the documents outside of the jury deliberations.

Dated this 12th day of April, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Court Judge